**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **ROBERT B. HUNTER,** | **Case No. 3:24-cv-50497** |
| **Plaintiff,** | |
| **v.** | **Judge: Hon. Iain D. Johnston** |
| **TABITHA DIEBLER and** | |
| **WIPE OUT CAFÉ, LLC and** | **Magistrate Judge:** |
| **CHARLA RYAN and** | **Hon. Margaret J. Schneider** |
| **CHARLIES CHOCOLATES, LLC** | |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANTS TABITHA DEIBLER,
WIPE OUT CAFÉ LLC, CHARLIE'S CHOCOLATES, LLC, AND CHARLA RYAN TO
STRIKE PLEADING AND FOR SANCTIONS, DUE TO THE UNAUTHORIZED
<u>PRACTICE OF LAW BY THIRD PARTY NON-ATTORNEY ANTON EWING</u>**

<u>**INTRODUCTION**</u>

In a prior filing with the Court, the undersigned counsel disclosed that he was investigating the possible unauthorized practice of law ("UPL") by third party non-attorney Anton Ewing. (*See* Dkt No. 7 at 2-6.) Since then, further evidence has come to light establishing that Mr. Ewing drafted and filed on behalf of Robert Hunter the Complaint in this litigation (Dkt No. 1), even though Mr. Hunter contends that he filed said pleading *pro se*. Moreover, Anton Ewing has repeatedly contacted both the Defendants in this matter and their undersigned counsel to advocate on behalf of Robert Hunter, and in multiple instances has threatened both Defendants and counsel with sanctions and bar complaints. This constitutes the unauthorized practice of law.

These assertions are not made lightly, yet, to protect the integrity of the proceedings before this Court, Defendants Tabitha Deibler, Wipe Out Café LLC, Charla Ryan, and Charlies Chocolates, LLC, request that, pursuant to the Court's inherent power to control proceedings

before it, as well as Fed. R. Civ. P. 12(f), that the Complaint in this matter be stricken, as it is the product of the unauthorized practice of law.[1] Defendants further ask that they be given leave to file a motion for their attorney's fees incurred in bringing this Motion, as well as their corresponding Motion to Dismiss and Memorandum in Support (Dkt Nos. 10-11.)

## BACKGROUND

The dispute which led to this litigation is summarized in detail in Defendants' Memorandum in Support of their Motion to Dismiss, which is filed concurrently herewith and is incorporated by reference. (Dkt No. 11 at 2-3.) As discussed in that pleading, Robert Hunter unilaterally terminated Defendant Tabitha Deibler's Lease for the Riverside Chocolate Factory ("RCF"), and ended both Defendant Deibler's and Defendant Charla Ryan's employment with the company. (*See id.* at 3.) On information and belief, Mr. Hunter was aided in these efforts by an individual named Anton Ewing, who, on further information and belief, is in a personal relationship with Robert Hunter's daughter (and Tabitha Deibler's sister), Collette Stark.

I.      **Defense Counsel's Initial Attempt To Contact Robert Hunter, Which Led To Advocacy By Anton Ewing On Robert Hunter's Behalf.**

On December 23, 2024, defense counsel left an introductory voicemail with Plaintiff Robert Hunter, using the phone number for Mr. Hunter that was listed on the Complaint. (*See* Dkt No. 1 at 1.) Less than an hour later, defense counsel received two emails from Anton Ewing. (*See* Dkt No. 7-1.) In his first December 23rd email, Mr. Ewing instructed defense counsel not to contact

---

[1] In an abundance of caution, defense counsel has also reported Mr. Ewing's unauthorized practice of law to the Illinois Attorney Registration & Disciplinary Commission ("ARDC"), and will also provide the ARDC with a copy of this pleading after it has been filed.

165196v1

Robert Hunter by telephone, and to instead only communicate with Mr. Hunter via email. (*See* Dkt No. 7-1 at 2 (of 3).) Because of this, the undersigned has yet to actually speak with Robert Hunter.

In his second email, Mr. Ewing attached a purported settlement agreement that seeks to resolve, *inter alia*, the instant litigation, and contains signature lines for Plaintiff Robert Hunter, as well as Defendants Tabitha Deibler, Wipe Out Café LLC, and Charla Ryan. (*See* Dkt No. 7-1 at 3 (of 3).) Mr. Ewing claimed that the settlement agreement would be "revoked and withdrawn" if not agreed to by December 26th (*i.e.*, three days later), and he further demanded that defense counsel "[i]nstruct your client to stop all communications with any one of us (Hunter/Stark/Ewing). We do not want to deal with her directly." (*Id.*)

Mr. Ewing's email also encouraged defense counsel to "[p]lease run my name through pacer.gov." (*See* Dkt No. 7-1 at 3 (of 3).) Ostensibly this was so that defense counsel would find the many litigations that Mr. Ewing has filed, as a threat of some kind. Mr. Ewing further stated that "[i]f your client rejects this offer, then you should obtain at least a $100,000 retainer deposit in this matter. It will like [*sic*] cost her much more." (*Id.*) This, too, appears to have been issued as some sort of threat.

Separately, on December 23, 2024, Anton Ewing sent to Tabitha Deibler, as part of an email thread, a demand that she "not communicate with any of the Hunters." (Dkt No. 7-2 at 2 (of 5).) Mr. Ewing went on to state that "[i]f you want a global resolution of this matter, then sign the attached [i.e., the Settlement Agreement]. This is the best deal you will ever get." (*Id.*) Mr. Ewing threatened that, if she did not sign the settlement agreement, to "get a lawyer and get ready for your deposition. If you communicate with any of us again, you will get sued again. If you think I am bluffing, try me." (*Id.* at 3 (of 5).)

3

Dkt No. 7-2 is also notable for statements made by Plaintiff Robert Hunter in the email thread. Specifically, in response to an email by Tabitha Deibler requesting reimbursement for certain expenses she incurred on behalf of RCF, Mr. Hunter (using the email address "hippiebob2@gmail.com" that is listed on the face of this Complaint) forwarded the email to Anton Ewing, as well as to an email address believed to be used by Collette Stark, and stated "I am not supposed to talk to Tabitha, what should the response be?" (Dkt No. 7-2 at 3 (of 5).) It can be inferred from this correspondence that Mr. Ewing had instructed Robert Hunter to not talk to Defendant Tabitha Deibler, even though Robert Hunter had purportedly instituted, *pro se*, the instant lawsuit against Ms. Deibler two weeks prior. (*Compare id. with* Dkt No. 1 at 1.)

## II.  Anton Ewing Is An Experienced *Pro Se* Litigant.

Anton Ewing is no stranger to litigation. According to PACER, Anton Ewing is listed as the named plaintiff in over one hundred lawsuits filed in the United States District Court for the Southern District of California. (*See also*, https://tcpaworld.com/2023/08/11/repeat-litigator-cautioned-court-suggests-anton-ewing-engaged-in-uncivil-aspersions-and-stays-discovery-in-his-tcpa-case, accessed January 30, 2025,  attached hereto as Ex. A.) It appears that, in many of these cases, Mr. Ewing is a *pro se* litigant, and in multiple instances Mr. Ewing has been joined by Robert Hunter's daughter Collette Stark as a co-*pro se* plaintiff. *See, e.g., Ewing v. LeadExcel, Inc.*, *et al.*, 3:2018-cv-02845; *Stark et al. v. Stall*, 3:2019-cv-00366 (S.D. Cal.); *Stark et al. v. SLAC, Inc. et al.*, 3:2018-cv-00094 (S.D. Cal.).

The name Anton Ewing is also included on the State of California's Vexatious Litigant List. (*See* Dkt No. 7-5 at 3 (of 3).) Further, as the United States District Court for the Southern District of California observed, Mr. Ewing "is a law school graduate . . . He also holds himself out to the public as knowledgeable in the law, and he has filed and prosecuted numerous cases in this

4

District." *Anton Ewing v. LeadExcel, Inc.*, No. 18CV2845-LAB (JLB), 2021 WL 9097616, at *2 (S.D. Cal. July 30, 2021) (Dkt No. 7-6 at 2-3 (of 4).)[2] The *LeadExcel* court's observations are confirmed by Anton Ewing's personal website, where he presents himself as "Anton A. Ewing, JD," although he explicitly states that "[a] 'JD' is merely an academic degree. Using 'JD' after a person's name does not indicate 'attorney' or 'practicing law.'" (*See* screenshot of https://www.antonewing.com, accessed January 20, 2025, attached hereto as Ex. B.) Thus, Mr. Ewing is aware of his inability to practice law on behalf of others.

### III. The Complaint's Formatting And Its Exhibits, Coupled With Statements Made By Anton Ewing, Demonstrate That The Pleading Was Prepared By Mr. Ewing.

On December 26, 2024, Defense counsel contacted Plaintiff Hunter via email to discuss extending the Complaint response deadline. (*See* Dkt No. 7-3 at 2 (of 2).) Defense counsel also asked whether Mr. Ewing was serving as Mr. Hunter's counsel in the matter, cc'ing Mr. Ewing on said communication. (*See id.*) Less than ten minutes later, Anton Ewing responded to Defense counsel's email and stated, in relevant part, "I will confirm that I am not an attorney, I am not a lawyer . . . ." (Dkt No. 7-4 at 2 (of 3).)

Later that same day, Defense counsel received additional emails from Anton Ewing attaching complaints filed by Mr. Ewing *pro se* in McHenry County Circuit Court against Tabitha

---

[2] Mr. Ewing also represented to the *LeadExcel* court that while he had passed the bar exam in Nevada and Arizona, "Ewing is a permanent federal and state felon and therefore can never be allowed in to the bar." (*See* Dkt No. 68 in *Anton Ewing v. LeadExcel, Inc.*, No. 18CV2845-LAB (JLB) at ¶ 4, attached hereto as Ex. C; *see also* Excerpt of California Board of Accountancy Update, Issue No. 73, Fall 2013, attached hereto as Ex. D (stating that Mr. Ewing was required to surrender his California Certified Public Accountant license due to the above-referenced convictions, namely a "conspiracy to conduct enterprise affairs through a pattern of racketeering activity," and a "stalking charge").)

Deibler, as well as in the Northern District of Illinois against Ms. Deibler and her son, Brandon Deibler, the latter of which is pending before this Court. (*See* 12/26/24 emails from Ewing to Hawkins, attached hereto as Group Ex. E; *Ewing v. Deibler* McHenry County complaint, attached hereto as Ex. F; *Ewing v. Deibler, et al.* Northern District of Illinois complaint, attached hereto as Ex. G.) A cursory reading of these filings confirms that they contain the same idiosyncrasies found in the Complaint in the instant litigation. For example, the captions in both the Complaint before this Court and the complaint filed by Mr. Ewing in McHenry county contain the same misspelling of Tabitha Deibler's surname (*i.e.*, D<u>ie</u>bler as opposed to D<u>ei</u>bler). (*Compare* Dkt No. 1 at 1 *with* Ex. F at 1.) Moreover, the Complaint in the instant litigation contains allegations that Tabitha Deibler is liable for claims of trespass to land and chattels, as well as a declaration purportedly prepared and signed by Robert Hunter attesting to the same, which are wholly irrelevant to the claims asserted in the instant litigation, but are central to Mr. Ewing's McHenry County complaint. (*See* Ex. F at ¶¶ 8-21; Dkt No. 1 at ¶ 27; Dkt No. 1 at Ex. E at ¶¶ 2-4.)

Additionally, all three complaints utilize line numbering and recite the title of the pleading in their "footers," which is not common practice in Illinois, but is required for pleadings in California courts, the latter of which Anton Ewing has had significant experience proceeding in as a *pro se* plaintiff. (*See* Dkt No.1 at 1; Exs. F-G; *see also* California Rule of Court 2.108. Spacing and numbering of lines; Rule 2.110. Footer, attached hereto as Group Ex. H.) The captions of each complaint also refer to proceeding "*in propria persona*" or "*In Pro Per*," as opposed to the "*pro se*" term typically used in Illinois courts, which is further evidence that the three complaints were authored by Mr. Ewing. (*See* screenshot of https://www.nolo.com/legal-encyclopedia/what-pro-se-pro-per-defendant.html, accessed January 20, 2025, attached hereto as Ex. I) (stating "[s]ome

6

jurisdictions (like California) commonly use *pro per*, while others refer to a self-represented defendant as a *pro se* party.")

Beyond this, there can be no doubt that Mr. Ewing was involved in at least the preparation of the exhibits for the instant Complaint, as Exhibits A and C to the pleading, which purport to be screenshots of a Facebook page, on their face disclose that they were taken from Anton Ewing's Facebook account. (*See* Dkt No.1 at 22, 28, and 29 (of 47))(stating "Comment as Anton Ewing.")

That Mr. Ewing prepared the instant Complaint is further evidenced from statements he made to Tabitha Deibler in another email sent on December 26th, where he threatened, "[i]f you don't stop destroying the business and harming your elderly parents . . . then you will be sued again, and again, and again. The choice is yours. ***I am happy to file more and more lawsuits against you.***" (Dkt No 7-7 at 2 (of 9).) (emphasis added.) Included with this communication was a separate email Mr. Ewing had previously sent to Robert Hunter earlier that day titled "How about them apples," where Mr. Ewing attached screenshots of, *inter alia*, the docket for the instant litigation, an ECF filing receipt for the federal lawsuit filed by Mr. Ewing, and a docket entry for the McHenry County lawsuit Mr. Ewing filed against defendant Tabitha Deibler. (*Id.* at 2-5 (of 9).)

Defense counsel was later made aware of an email from Anton Ewing sent to Tabitha Deibler on November 24, 2024, where he states "[b]etter get a grip on your 6th grade pothead drop-out or your offer will be revoked and you will be sued . . . ***I will work on that lawsuit for Mom and Dad.***" (11/24/24 email from Ewing to Deibler, attached hereto as Ex. J) (emphasis added.) Given the context of the email, the reference to "pothead drop-out" was to Tabitha Deibler's son, Brandon Deibler, while the reference to "Mom and Dad" was to Robert Hunter and his wife Diana Hunter. While at the time Mr. Ewing's statements may have been a baseless threat,

it is now clear that Mr. Ewing was referring to this litigation, which was filed approximately two weeks later. (*Compare* Ex. J *with* Dkt No. 1 at 1.)

Separately, on November 15, 2024, Anton Ewing sent to Robert Hunter an email titled "***Send this to Facebook to start the first federal lawsuit***." (*See* 11/15/24 email from Ewing to Hunter, attached hereto as Ex. K) (emphasis added.) The body of the email contains a draft letter addressed to Meta Platforms, Inc. (the owner of Facebook) titled "Formal Trademark Infringement Notice and Demand for Page Transfer" ("Trademark Demand Letter"), that was prepared for Mr. Hunter's signature. (*Id.*) The Trademark Demand Letter concerns a Facebook page that Robert Hunter contends he has been denied access, and is also referenced in the Complaint. (*See* Dkt No. 1 at ¶¶ 16-18; Ex. K.) Mr. Ewing's reference to "the first federal lawsuit" thus undoubtedly refers to the instant litigation.

## IV.     Anton Ewing Continues To Advocate On Behalf Of Robert Hunter.

On December 27, 2024, and despite just one day prior stating "I am not an attorney, I am not a lawyer," Mr. Ewing sent an email to the undersigned counsel with the subject line "Fw: Hunter v. Diebler, et al., Case No. 3:24-cv-50497 (N.D.Ill.)," demanding that counsel for Defendants "[g]et control of your clients or *I* will move for sanctions," and further that "[i]f your clients come to the factory (*i.e.*, RCF) again, they will be physically restrained until police arrive." (*Compare* Dkt No. 7-8 at 2 (of 3) *with* Dkt No. 7-4 at 2 (of 3)) (emphasis added.)

Anton Ewing's threats to both defense counsel and Defendants continued in a December 30th email with the subject line "Re: Hunter v. Diebler, et al., Case No. 3:24-cv-50497 (N.D.Ill.)," where Mr. Ewing stated: "[y]our client continues to harass and intimidate Diana Hunter. We will now seek sanctions with the magistrate and file a restraining against Tabitha Deibler. I warned you." (12/30/24 email from Ewing to Hawkins, attached hereto as Ex. L.) Mr. Ewing further demanded that defense counsel "[c]ease and desist from having your client communicate with us.

8

We do not want to be disturbed. All communications must be through legal counsel. *You are going to get a State Bar complaint the next time.*" (*Id.*) (emphasis added.)

The undersigned pauses here so that the Court can appreciate the audacity of the above statements. In two separate emails, both of which were sent as part of this litigation, Mr. Ewing threatened both defense counsel and defense counsel's clients with sanctions, and further threatened to report the undersigned counsel to the ARDC – all within *seven days* after defense counsel first contacted Plaintiff Robert Hunter.

While to the ordinary observer this may be astounding, it is apparently par for the course for Mr. Ewing, as the court in *People v. Anton Aleric Ewing* observed that Mr. Ewing has, *inter alia*, previously threatened to report attorneys to the state bar. No. D058699, 2012 WL 4841336, at *5 (Cal. Ct. App. Oct. 12, 2012) (attached hereto as Ex. M) (stating "Cross's daughter showed Cross other e-mails that Ewing had sent, which, according to Cross's testimony, contained 'strictly threatening, nasty stuff,' . . . and threatened to report Cross's daughter to the state bar"). Separately, in *Ewing v. Flora*, the court observed that "Ewing sent several emails to defense counsel that threatened to file state bar actions, conduct a citizen's arrest and bankrupt the defense firm of Samini Scheinberg, PC . . ." No. 14cv2925 AJB, 2015 WL 5177772, *2 (S.D. Cal. Aug. 25, 2015) (attached hereto as Ex. N). And in *Ewing v. Freedom Forever*, LLC, the court stated "Plaintiff [Ewing] additionally asks the Court to refer Defense Counsel to the State Bar of California due to 'his voluminous volume of cases that he is representing on in this state far exceed[ing] the threshold for those admitted pro hac' . . . It goes without saying that to accuse Defense Counsel of ethical misconduct without any substantiation whatsoever is a serious charge. The Court admonishes Plaintiff to be wary of these choppy waters." Case No.: 23-cv-1240 JLS (AHG), 2024 WL 3894044, *9, fn. 8 (S.D. Cal. Aug. 21, 2024) (attached hereto as Ex. O).

9

Separately, on December 30th defense counsel submitted a filing before this Court where he raised his concerns regarding potential UPL by Anton Ewing, and notified the Court of Mr. Ewing's status as a non-attorney. (*See* Dkt No. 7 at 2-6.) Robert Hunter was served with a copy of said motion and later confirmed receipt of the filing in an email sent on January 1, 2025. (*See id.* at 8 (of 8); 1/1/25 Email from Hunter to Hawkins, attached hereto as Ex. P.) Anton Ewing's advocacy on behalf of Robert Hunter nevertheless continued after that filing, presumably done with Mr. Hunter's approval.

For example, on December 31, 2024, counsel for defendants sent to Robert Hunter correspondence regarding the above Facebook page referenced in the Complaint. (*See* 12/31/24 correspondence from Hawkins to Hunter and email attaching the same, attached hereto as Group Ex. Q.) The letter was sent only to Mr. Hunter, yet in emails Anton Ewing sent dated January 7, 2025 and January 12, 2025, Mr. Ewing made reference to the letter in communications to both defense counsel and defendant Charla Ryan (as well as her fiancé, Brandon Deibler). (*See* 1/7/205 and 1/12/2025 emails from Anton Ewing, attached hereto as Group Ex. R.) In these emails Mr. Ewing once again levies threats on behalf of Robert Hunter, and goes so far as to suggest that the undersigned counsel and/or their clients are liars. (*See id.*) Any doubt as to whether Robert Hunter approved of this advocacy was eliminated in a separate email dated January 13, 2025, where it is clear that Mr. Hunter had forwarded to Mr. Ewing defense counsel's December 31st correspondence, ostensibly so that Anton Ewing could continue to advocate on Mr. Hunter's behalf. (*See* 1/13/25 Email from Ewing to Hawkins, attached hereto as Ex. S.)

## ARGUMENT

**I.      Anton Ewing Has Engaged In The Unauthorized Practice Of Law.**

Anton Ewing ghost-wrote the Complaint in this litigation on behalf of Robert Hunter. Mr. Ewing's fingerprints are all over the filing, from him preparing Exhibits A and C to the Complaint, to the idiosyncrasies regarding number lines, footers, and the misspelling of Defendant Tabitha Deibler's name, to the recitation of grievances concerning trespass to land and chattels that are pertinent only to claims, *pled by Anton Ewing*, in a separate complaint filed in McHenry County. If this weren't enough, Anton Ewing's threats to Tabitha Deibler that "I will work on that lawsuit for Mom and Dad," and "I am happy to file more and more lawsuits against you," and his statements to Robert Hunter regarding the same, confirm that the Complaint in this matter was crafted by Mr. Ewing.

While Anton Ewing's ghost-writing of the Complaint is bad enough, his overt actions in this matter are even more egregious. In a matter that has been pending for less than two months, and to which a response to the Complaint has only now been filed, Mr. Ewing has repeatedly bombarded Defendants and their counsel with vituperative statements via email that, even when not direct threats, are otherwise wholly inappropriate, as they constitute advocacy on behalf of *pro se* Plaintiff Robert Hunter. By his own admission, Anton Ewing is not a lawyer, and he understands that he cannot provide legal services to others. Simply put, Anton Ewing has engaged in the unauthorized practice of law. *See, e.g.*, *U.S. v. Johnson*, 327 F.3d 554, 561 (7th Cir. 2003) (stating that "providing *any* advice or other service 'requiring the use of any legal skill or knowledge, . . . the legal effect of which, under the fact and conditions involved, must be carefully determined,' amounts to practicing law . . .Absent the imprimatur of meaningful attorney supervision, any legal advice or other legal service provide by a nonlawyer constitutes the unauthorized practice of law")

(emphasis in original). Making matters worse, Mr. Ewing's unauthorized practice of law has been done with the knowledge and approval of Plaintiff Robert Hunter.

## II.     The Complaint In This Matter Must Be Stricken.

The Seventh Circuit has recognized a federal district court's inherent power to sanction litigants who engage in the unauthorized practice of law, including nonlawyers. *See, e.g.*, *Johnson*, 327 F.3d at 560 (stating "[i]t follows logically that a federal court's power to regulate and discipline attorneys appearing before it extends to conduct by nonlawyers amounting to practicing law without a license"). The *Johnson* court further reasoned that "considering the serious threat that the unauthorized practice of law poses both to the integrity of the legal profession and to the effective administration of justice, resort to the inherent powers . . . is an appropriate remedial measure." *Id.* This "includes the 'power to conduct independent investigations in order to determine whether the court has been the victim of fraud or deceit.'" *Id.* at 561.

As the court in *Rotheimer v. Kalata* observed, pleadings that are the product of the unauthorized practice of law must be stricken. Case No. 12-cv-1629, 2015 WL 996640, at *2 (N.D.Ill. Mar. 3, 2015) (attached hereto as Ex. T). In that case, after the Court had determined that the plaintiff's third amended complaint ("TAC") was prepared by the plaintiff's sister, the Court struck the pleading, holding that it "must be dismissed because Ms. Rotheimer, in preparing the TAC, has engaged in the unauthorized practice of law. The Court has the inherent authority to impose sanctions for practicing law without a license, including striking pleadings." *Id.* (citing *Robinson v. Belom*, No. 03 C 0001, 2003 WL 21183916, at *5 (N.D.Ill. May 19, 2003) (attached hereto as Ex. U) (striking submissions prepared by non-attorney). Further, pursuant to Fed. R. Civ. P. 12(f), a court may strike a pleading that is "immaterial." *See, e.g.*, *Sirleaf by Next Friend Sirleaf v. Maryland*, Civil Action No. TDC-18-0393, 2018 WL 10561913, at *1 (D.Md. April 30, 2018)

12

(striking, pursuant to Rule 12(f), pleading prepared by a non-attorney) (attached hereto as Ex. V); *Coy v. Ada County*, Case No. 1:23-cv-00144-AKB, 2023 WL 6623633, *3 (D.Idaho Oct. 10, 2023) (same) (attached hereto as Ex. W.)

Here, Robert Hunter's Complaint should also be stricken, as it, too, is the product of a non-attorney, *i.e.* Anton Ewing. While the undersigned is mindful of the Court's case procedures regarding motions to strike, as the *Rotheimer* opinion demonstrates, Mr. Ewing's and Mr. Hunter's actions are one of the rare instances where such a motion is appropriate. Separately, if Robert Hunter is afforded an opportunity to re-file his complaint *pro se*, Defendants respectfully request that Mr. Hunter, as part of any future pleading, be ordered to certify that the filing was prepared by Robert Hunter alone, or he should obtain counsel.

### III. Defendants Request Leave To Seek Their Attorney's Fees For Bringing This Motion And Their Motion To Dismiss, As A Sanction For Anton Ewing's Unauthorized Practice Of Law.

As part of its inherent powers, this Court may impose monetary sanctions against litigants who engage in the unauthorized practice of law. *See, e.g., Robinson*, 2003 WL 21183916, at *2, *5 (imposing monetary sanctions for UPL). While it appears that the issue of attorney's fees as a sanction for the unauthorized practice of law by a non-lawyer has never been addressed in a published Illinois federal or state court opinion, said fees have been awarded by other federal courts. *See, e.g.*, *Graham v. Dallas Independent School District*, No. 3:04-cv-2461-B, 2006 WL 507944, *4 (N.D.Tex. Jan. 10, 2006) (attached hereto as Ex. X). In *Graham*, the Northern District of Texas Court confirmed it had the authority to impose sanctions for the unauthorized practice of law, citing to the Seventh Circuit's opinion in *U.S. v. Johnson* in support. *See id.* at *4. Citing to *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991), the *Graham* court further held that an award of attorney's fees is an appropriate sanction for such bad faith conduct. *See id.* (holding "[i]t goes without saying that lying to the court constitutes bad faith . . . so also is the unauthorized practice

13

of law sanctionable under the court's inherent authority.") The *Graham* court likewise determined that such a fee award is "the least severe sanction adequate to achieve the purpose of the rule relied upon to impose the sanction." *Id.* at *4, *6.

The court in *Graham* levied the attorney's fees sanction not on the entity that actually engaged in the unauthorized practice of law (*i.e.*, a non-attorney research firm), but rather the former counsel for plaintiff Graham who hired the non-attorney research firm and subsequently misrepresented the research firm's involvement to the court. *Graham*, 2006 WL 507944, at *1-*2, *6. Here, Plaintiff Robert Hunter's actions are similar to those of plaintiff's former counsel in the *Graham* case. First, Mr. Hunter misrepresented to this Court that he is proceeding in this matter *pro se*. Second, Robert Hunter is aware that Anton Ewing is not an attorney, as counsel believes Anton Ewing is a known associate of Mr. Hunter's and is in a personal relationship with his daughter Collette Stark, yet Mr. Hunter willingly allowed Mr. Ewing to engage in the unauthorized practice of law. Even if Mr. Hunter were to deny this, there is no doubt that he was made aware of Mr. Ewing's status as a non-attorney in Defendants' December 30th motion (Dkt No. 7), and yet he still encouraged Mr. Ewing to advocate on his behalf after receiving that filing. (*See* Ex. S.) For these reasons, Defendants respectfully contend that leave to file a motion for Defendants' fees incurred in preparing this Motion, as well as their Motion to Dismiss, is warranted here, and that said fees should be levied against Robert Hunter.[3]

### IV.     The Owner Of The Challenged Trademark Is A Corporation.

Should this Court grant Defendants' corresponding Motion to Dismiss (Dkt No. 10), it appears that any further attempt by Robert Hunter to proceed *pro se* in this matter would be fatally

---

[3] Alternatively, Defendants respectfully contend that any award of attorney's fees be levied on both Robert Hunter and Anton Ewing, jointly and severally.

14

flawed, as he is not the owner of the trademark asserted in this litigation. Instead, the trademark is owned by a company known as Sweet Hunter LLC, and that company would be required to hire an attorney to assert the trademark in this Court. (*See* Dkt No. 11.)

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants Tabitha Deibler, Wipe Out Café LLC, Charla Ryan, and Charlies Chocolates, LLC respectfully request that their Motion to Strike Pleading and for Sanctions due to the Unauthorized Practice of Law by Third Party Non-Attorney Anton Ewing be GRANTED, and that the Court: (1) strike the Complaint in this matter (Dkt No. 1); (2) to the extent Robert Hunter is permitted to re-file his Complaint, order that Mr. Hunter must retain an attorney to represent him, or otherwise certify, under penalty of perjury, that any further pleading was prepared by Robert Hunter alone; (3) grant Defendants leave to file a motion for their attorney's fees incurred in bringing this Motion and their corresponding Motion to Dismiss; and (4) award all further relief that the Court deems just and appropriate.

Dated: February 3, 2025                                  Respectfully Submitted,

**TABITHA DEIBLER**
**WIPE OUT CAFÉ LLC**
**CHARLIES CHOCOLATES, LLC**
**CHARLA RYAN**

/s/ Peter G. Hawkins

Peter G. Hawkins
Actuate Law, LLC
641 W. Lake Street, Fifth Floor
Chicago, IL 60661
(312) 579-3108
peter.hawkins@actuatelaw.com

*Counsel for Defendants Tabitha Deibler,*
*Wipe Out Café LLC, Charlies Chocolates,*
*LLC, and Charla Ryan*

15

165196v1

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing MOTION AND MEMORANDUM BY DEFENDANTS TABITHA DEIBLER, WIPE OUT CAFÉ LLC, CHARLIE'S CHOCOLATES, LLC, AND CHARLA RYAN TO STRIKE PLEADING AND FOR SANCTIONS, DUE TO THE UNAUTHORIZED PRACTICE OF LAW BY THIRD PARTY NON-ATTORNEY ANTON EWING with the Clerk of Court via CM/ECF, which provided notice of same.

I further certify that that I provided a copy of the foregoing MOTION AND MEMORANDUM BY DEFENDANTS TABITHA DEIBLER, WIPE OUT CAFÉ LLC, CHARLIE'S CHOCOLATES, LLC, AND CHARLA RYAN TO STRIKE PLEADING AND FOR SANCTIONS, DUE TO THE UNAUTHORIZED PRACTICE OF LAW BY THIRD PARTY NON-ATTORNEY ANTON EWING by U.S. Mail and email to:

Robert B. Hunter
34740 Iroquois Trail
McHenry, IL 60050
hippiebob2@gmail.com

Dated: February 3, 2025                    By: */s/ Peter G. Hawkins*

*One of the attorneys for Defendants Tabitha Deibler, Wipe Out Café LLC, Charla Ryan, and Charlies Chocolates, LLC*